# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALFONZO YOUNG,

    Plaintiff,

-vs-                        Case No. 15-C-1103

DR. GAANAN, et al,

    Defendants.

## DECISION AND ORDER

Alfonzo Young, a Wisconsin state prisoner, filed an action under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter is before the Court on the plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and for screening of the plaintiff's complaint (ECF No. 1).

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On September 25, 2015, the Court assessed an initial partial filing fee of $17.17. (ECF No. 6.) The plaintiff paid that fee on October 22, 2015. Accordingly, the Court grants the plaintiff's motion to proceed *in forma pauperis*.

With regard to screening the plaintiff's complaint, the Court must dismiss a complaint if a prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations

"must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support his legal conclusions with factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant(s): 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The plaintiff is currently incarcerated at Kettle Moraine Correctional Institution; however, the events alleged in his complaint began when he was at Wisconsin Resource Center. According to the plaintiff, in September 2013, he was playing basketball when he injured his foot. Inmates assisted the plaintiff indoors, where an unnamed nurse

told the plaintiff he had a sprained ankle. She instructed him to put ice on it and to not put any weight on it.

The next day, he was seen by Dr. Gaanan, who ordered an x-ray of the plaintiff's foot. Dr. Gaanan diagnosed a broken foot and scheduled a medical appointment at Aurora Medical Clinic for the next day. There, the plaintiff was seen by Dr. Wells, who agreed the plaintiff's foot was broken. Dr. Wells "didn't fix the problem," but he "put a hard flat foam under and up the back of [the plaintiff's] calf, (bottom part of [his] left leg)," and gave him "a medical as well as a wheelchair." (ECF No. 1 at 6.) The plaintiff says he used the wheelchair for about three months.

On February 26, 2014, the plaintiff was transferred to Kettle Moraine. He alleges his foot still hurt, so he scheduled an appointment with medical staff. X-rays were taken on March 5, 2014, and he was seen on March 12, 2014. The plaintiff alleges that Dr. Kelly scheduled an offsite appointment at Waupun Memorial Hospital, which didn't occur until April 3, 2014.

At Waupun Memorial Hospital, the plaintiff was seen by Dr. Thomas Grossman, who asked him why he didn't have surgery when the injury happened. The plaintiff replied that "the doctor at the other clinic wanted to see how it [would] heal because the bone was shattered." (ECF

- 4 -

No. 1 at 6.) The plaintiff was given a steroid injection and told to keep a pain log.

On June 2, 2014, Dr. Grossman gave the plaintiff three treatment options: 1) have an injection; 2) order a special shoe; or 3) surgery. The plaintiff states he received a special shoe in September 2015, which has not worked. The plaintiff explained this to Dr. Kelly, the institution doctor, and requested surgery.

The plaintiff is seeking $400,000 in compensatory damages.

To state a cause of action under the Eighth Amendment, the plaintiff must show: "(1) An objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Construing this *pro se* plaintiff's allegations broadly, the Court concludes that the plaintiff may not proceed on his Eighth Amendment claims against Dr. Wells, Dr. Kelly, Dr. Gaanan, and Dr. Grossman. While "a plaintiff's receipt of *some* medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate a medical condition," *see Edwards v. Snyder*, 475 F.3d 827, 831 (7th Cir. 2007) (internal quotations

and citations omitted), nothing in these facts can give rise to an inference that any of the defendants who treated the plaintiff acted with deliberate indifference that would suggest intentional mistreatment. The plaintiff's claims against Dr. Wells, Dr. Kelly, Dr. Gaanan, and Dr. Grossman will be dismissed. The plaintiff does not even mention Mr. McCreedy in his complaint, so McCreedy will also be dismissed.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS ALSO ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $332.83 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the Kettle Moraine Correctional Institution.

**IT IS ALSO ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS ALSO ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28

days of the entry of judgment. The Court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 28th day of October, 2015.

                                        **BY THE COURT:**

                                        _____
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**